UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                                 :

UNITED STATES OF AMERICA                :

                          - v. -                   :    **PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

BENITO CHINEA,                          :    14 Cr. 240 (DLC)

                  Defendant.       :
------------------------------------- x

        WHEREAS, on or about April 10, 2014, BENITO CHINEA (the "Defendant"), was charged in a one-count Indictment, 14 Cr. 240 (DLC) (the "Indictment"), with conspiracy to violate the Foreign Corrupt Practices Act and to violate the Travel Act, in violation of Title 18, United States Code, Section 371 (Count One); violations of the Foreign Corrupt Practices Act, in violation of Title 15, United States Code, Section 78dd-2(a)(1) and Title 18, United States Code, Section 2 (Counts Two through Six); violations of the Travel Act, in violation of Title 18, United States Code, Sections 1952 and 2 (Counts Seven through Eleven); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Twelve); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Counts Thirteen through Fifteen);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Eleven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the

1

commission of the offenses charged in Counts One trough Eleven of the Indictment, and all property traceable to such property;

WHEREAS, the Information also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property was unable to be located or obtained, transferred or sold to a third party, placed beyond the jurisdiction of the Court, substantially diminished in value or commingled with other property which cannot be subdivided without difficulty, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about December 17, 2014, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, a sum of money equal to $3,636,432 in United States currency, representing all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about December 17, 2014, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment, imposing a money judgment in the amount of $3,636,432 in United States currency against the Defendant (the "Money Judgment") (D.E. 26);

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and/or omissions of the Defendant, the Government, despite its exercise of due diligence, has to date been unable to locate or obtain the proceeds of the offense of the Defendant's conviction; and

WHEREAS, the Government has identified the following specific asset in which the Defendant has an ownership interest:

      a.    Any and all funds held in Fidelity Investments IRA account number XXX-XX-1635 owned by Benito Chinea, held by Fidelity Management Trust Company ("Fidelity");

(the "IRA Account");

WHEREAS, on or about September 25, 2023, the Government filed a motion seeking a Turnover Order, directing Fidelity to liquidate securities as needed from the IRA Account to pay the sum of $20,449 to the Clerk of the Court to satisfy the Defendant's outstanding criminal fine (the "Fine") (D.E. 68);

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in in any and all assets and funds remaining in the IRA Account after payment of the Fine (the "Substitute Asset") and to have it, once forfeited, applied to the Defendant's outstanding Money Judgment;

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

Case 1:14-cr-00240-DLC   Document 71-1   Filed 09/28/23   Page 4 of 5

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.     The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
        October 2, 2023

SO ORDERED:

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE