Case 1:14-cr-00240-DLC   Document 77-1   Filed 02/10/25   Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
:
UNITED STATES OF AMERICA            :
:     **FINAL ORDER OF FORFEITURE**
-v.-                          :
:     14 Cr. 240 (DLC)
BENITO CHINEA,                      :
          Defendant.                :
:
------------------------------------- X

WHEREAS, on or about October 2, 2023, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order") (D.E. 74) with respect to BENITO CHINEA (the "Defendant"), which forfeited to the United States all right, title and interest of the Defendant in the following property:

    i.    Any and all funds remaining in Fidelity Investments IRA account number XXX-XX-1635 owned by Benito Chinea, held by Fidelity Management Trust Company (the "Fidelity Account") after payment of the Defendant's criminal fine (the "Fine");

(the "Substitute Asset");

WHEREAS, on or about October 2, 2023, the Court entered a Turnover Order, directing Fidelity to liquidate securities as needed from the Fidelity Account to pay the sum of $20,449 to the Clerk of the Court in satisfaction of the Fine (D.E. 75);

WHEREAS, after the Government received the payment on the Turnover Order from Fidelity and the Fine was paid in full, the Government was advised by Fidelity that as of March 25, 2023, the Substitute Asset had a value of $163,071 in cash and securities;

WHEREAS, the Substitute Assets Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Assets Order, notice of the United States' intent to dispose of the Substitute Asset, and the requirement that any person asserting a legal interest in the Substitute Asset must file a petition with the Court in accordance with the

Case 1:14-cr-00240-DLC   Document 79   Filed 02/12/25   Page 2 of 3

requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Asset and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Asset before the United States can have clear title to the Substitute Asset;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on January 25, 2024 and February 23, 2024, for thirty (30) consecutive days, through September 10, 2023, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on February 10, 2025 (D.E. 76);

WHEREAS, on or about October 25, 2023, the Government sent direct notice of the Substitute Assets Order via certified mail, return receipt requested to the Defendant at an address in Freehold, NJ 07728;

WHEREAS, on or about November 7, 2023, the Government sent direct notice of the Substitute Assets Order via certified mail, return receipt requested to:

> Direct Access Partners LLC
> 19 Palmer Circle,
> Millstone Township, NJ 08535

(the "Noticed Party");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture, and no petitions or claims to contest the forfeiture of the Substitute Asset have been filed;

WHEREAS, the Defendant and the Noticed Party are the only individuals and/or entities known by the Government to have a potential interest in the Substitute Asset; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Asset is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7), the United States of America shall and is hereby deemed to have clear title to the Substitute Asset.

3. The United States Marshals Service (or its designee) shall take possession of the Substitute Asset and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
        February 12, 2025

                                            SO ORDERED:

                                            _____
                                            HONORABLE DENISE L. COTE
                                            UNITED STATES DISTRICT JUDGE